**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CLINTON EDWARD WYLIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00058-O-BP** |
| | § | |
| **FACEBOOK,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated June 28, 2019, United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management. ECF No. 7. Before the Court is Plaintiff's Complaint, ECF No. 1, filed January 17, 2019. It appears to the Court that the Plaintiff has failed to allege any facts that would permit the Court to exercise subject-matter jurisdiction over the case. By Order dated July 9, 2019, the Court noted that it appeared that it lacked subject-matter jurisdiction. ECF No. 8. The Court ordered the Plaintiff to file a response on or before August 9, 2019 containing a written statement of his position concerning the Court's Show Cause Order, complete with citations of authorities on which Plaintiff relied and enough facts to establish that this Court has subject-matter jurisdiction over this case. Plaintiff failed to respond to the Court's Order. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction.

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by

2

waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Here, Plaintiff has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. On the face of the complaint, there are no facts to establish whether the Court has federal-question jurisdiction under 28 U.S.C. § 1331. Although it appears the parties are diverse, Plaintiff has not alleged facts to establish the amount in controversy as required under 28 U.S.C. § 1332. Plaintiff has made a conclusory statement that he was defrauded over the internet, but he has not alleged facts that would support the Court's subject-matter jurisdiction over the case. Because Plaintiff is proceeding *pro se*, the Court granted him an opportunity to address these concerns and explain the basis of the Court's subject-matter jurisdiction. *See* ECF No. 8. The Court cautioned Plaintiff that failure to comply with its Order might result in a recommendation that his case be dismissed for lack of jurisdiction. *Id.* Plaintiff failed to provide an explanation of the jurisdictional basis of his complaint as ordered by the Court.

Because the Plaintiff has failed to allege sufficient facts to show that the Court has subject-matter jurisdiction in this case, Judge O'Connor should **DISMISS** the case **without prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed **October 4, 2019**.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE